# Third District Court of Appeal

## State of Florida

Opinion filed August 17, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0278
Lower Tribunal No. 19-10020
_____

**Marine Design Dynamics, Inc.,**
Appellant,

vs.

**All City Construction Services, LLC,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Alan Fine, Judge.

The Bravo Law Firm, PLLC, and Jason Bravo, for appellant.

Business and Family Law Center, and Kraig S. Weiss (Weston), for appellee.

Before SCALES, MILLER and BOKOR, JJ.

BOKOR, J.

Marine Design Dynamics, Inc., appeals a grant of summary judgment and final judgment in favor of All City Construction Services, LLC, in a breach of contract claim. Marine Design argues that the trial court erred by concluding as a matter of law that the contract mandated All City receive a 40% share of certain payments as "net profits" under the contract.[1] The plain language of the contract supports the trial court's determination that the payments at issue constitute "net profits." However, the final judgment fails to account for permissible deductions under the same contractual provision for expenses incurred. Accordingly, we affirm the summary judgment order but vacate the final judgment to permit further proceedings to determine what, if any, monies should be deducted from the payment at issue before allocating All City's contractual share.

---

[1] Marine Design challenges the denial of its post-judgment motion for reconsideration based on the same. Marine Design also raises several other issues concerning the timeliness, authentication, and sufficiency of the evidence presented in support of the opposing summary judgment motion. However, these issues may not now be presented for the first time on appeal. See, e.g., 12550 Biscayne Condo. Ass'n, Inc. v. NRD Invs., LLC, 336 So. 3d 750, 756 (Fla. 3d DCA 2021) (explaining that "[m]erely referring to an authority without expressly arguing to the lower court the principle that flows from it is inadequate to preserve the issue for review if the argument was not considered by the trial court").

## BACKGROUND

In 2017, Marine Design contracted with the Federal Emergency Management Agency (FEMA) to provide charter vessels for hurricane relief efforts in the U.S. Virgin Islands and Puerto Rico. To finance the vessel procurement, Marine Design separately executed a joint venture agreement with All City Construction Services, by which All City would provide an initial investment of $1,600,000 and receive a 40% share of the "net profits" from the FEMA contract after expenses, as well as reimbursement of investment money. This agreement also included a clause providing that the contract would automatically terminate if FEMA ceased its need for the services sought for the venture.

Eleven days after the execution of the FEMA contract, and before Marine Design had provided the requested services, FEMA terminated its contract with Marine Design for convenience and issued a stop work notice. Marine Design timely notified All City of the termination and returned All City's $1,600,000 investment pursuant to the terms of the contract. Subsequently, Marine Design also requested FEMA reimburse reasonable charges reflecting the percentage of work performed under the contract prior

3

to receiving the notice of termination, pursuant to 48 C.F.R. 52.212-4(I).[2]

FEMA ultimately reimbursed Marine Design for $1,329,517.85 in reasonable charges demonstrated.

All City then requested that Marine Design pay it a 40% share of that FEMA payment, alleging that those monies constituted "net profits" within the meaning of the joint venture agreement. When Marine Design refused, All City sued Marine Design. After discovery, All City and Marine Design both moved for summary judgment. In support of its motion, All City proffered an email Marine Design had received from a FEMA contracting officer describing the payment as "a percentage of the contract price reflecting reasonable charges demonstrated in your effort to satisfy the contract requirements," alleging that FEMA had characterized the payment as being for partial performance. Conversely, Marine Design argued that the payment was properly characterized as a mandatory termination for convenience fee that was not encompassed by the agreement's definition of "net profits," emphasizing the fact that the same FEMA email mirrored the

---

[2] Specifically, 48 C.F.R. 52.212-4(I), which was incorporated by reference into the FEMA contract, requires certain federal agency procurement contracts to include a termination for convenience clause providing that the agency may terminate at any time for its sole convenience, but that the contractor will then "be paid a percentage of the contract price reflecting the percentage of the work performed prior to the notice of termination, plus reasonable charges the Contractor can demonstrate."

4

language of 48 C.F.R. 52.212-4(l) and stated that the "vessels were not delivered and performance . . . never occurred."

Following a hearing, the trial court concluded as a matter of law that the $1,329,517.85 FEMA payment constituted "net profits" under the joint venture agreement, granted summary judgment in All City's favor, and entered final judgment awarding All City 40% of the payment plus prejudgment interest. After Marine Design unsuccessfully moved for reconsideration, this appeal followed.

**ANALYSIS**

We review the trial court's grant of summary judgment de novo. See, e.g., Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000).[3] Summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to prevail as a matter of law. Id. Marine Design argues that genuine issues of material fact precluded summary judgment as to the issue of whether the FEMA reimbursement constituted a "net profit" for purposes of the profit-sharing

[3] The standard of review for summary judgments in Florida has since changed to mirror the federal standard articulated in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), with respect to judgments rendered after May 1, 2021. See In re Amends. to Fla. Rule of Civ. Proc. 1.510, 309 So. 3d 192, 195 (Fla. 2020). However, as the judgment at issue here was rendered before then, we instead apply the prior standard expressed above.

provision of the joint venture agreement. An issue of fact is "genuine" for summary judgment purposes if it could allow a jury to return a verdict in favor of the non-moving party, and an issue of fact is "material" if it could have any bearing on the outcome of the case under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986).

The trial court correctly found that the $1,329,517.85 FEMA payment was subject to the profit-sharing provision of the joint venture agreement. The agreement defines "Net Profits" as follows:

> "Net Profits" are defined as the amount of operational cash flow, which is *all cash other than capital contributions to the Venture, received from any source* (including the net proceeds of the sale of Venture assets or property) less cash expended for expenses, indebtedness of the Venture (whether or not owed to any of the parties) and capital expenditures and reasonable reserves required in the discretion of All City for the Venture business, including but not limited to reserves and material costs.

(emphasis added). This definition necessarily encompasses the FEMA payment because those monies were "cash other than capital contributions to the Venture, received from any source." Accordingly, while the parties disagree about whether the payment constituted profit earned through partial performance, a mere termination for convenience fee, or something else, this distinction makes no difference under the definition of "net profits" in the contract.

6

However, the final judgment awards All City 40% of the FEMA payment without deducting expenses, as required by the same contractual provision. The term "net profits" applies "less cash expended for expenses, indebtedness of the Venture . . . and capital expenses and reasonable reserves." The parties did not present specific evidence as to the expenses incurred in Marine Design's efforts to comply with the FEMA contract prior to its termination, though the record reflects that Marine Design alleged incurring significant expenses in its correspondence with the FEMA officer, for which it ultimately received the $1,329,517.85 at issue as "reasonable fees incurred for the contract." Accordingly, while we affirm the summary judgment order as it finds that the monies received constitute "net profits" under the agreement, the issue of any possible deduction for expenses authorized by that same contractual provision remained outstanding and outside the issues decided in the well-reasoned summary judgment order. Therefore, we vacate the final judgment and remand for further proceedings to account for permissible deductions, if any, before calculating All State's 40% share of the remaining funds.

Affirmed in part, reversed in part, and remanded with instructions.